IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES M. KEITGES, | CASE NO. 8:08CV319 |
| Plaintiff, | |
| v. | |
| DOMINA LAW GROUP, PC LLO, et al, DAVID A. DOMINA, Individually and In His Official Capacity as an Officer of the Court, and JAMES F. CANN, Individually and In His Official Capacity as an Officer of the Court, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 51.) As set forth below, the Motion is granted.

## I.    BACKGROUND

Plaintiff James M. Keitges filed his Complaint in this matter on July 23, 2008. (Filing No. 1.) Liberally construed, Plaintiff alleges that Defendants engaged in fraud, civil conspiracy, and fraudulent misrepresentation while serving as his attorneys. (Filing No. 1.) After discovery, Defendants filed their Motion for Summary Judgment on February 23, 2009. (Filing No. 51.) Along with their Motion, Defendants also filed a Brief in Support, Index of Evidence and Reply Brief in Support. (Filing Nos. 52, 53, 54 and 61.) On March 12, 2009, Keitges filed a Response and Opposition to the Motion for Summary Judgment and Index of Evidence. (Filing Nos. 59 and 60.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include

in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.* The parties have generally complied with the court's Local Rules in their summary judgment submissions. While many facts are disputed by the parties, the relevant material facts relating to the statute of limitations issue are not disputed and are set forth below.

## II. RELEVANT UNDISPUTED FACTS

1. Plaintiff is a resident and citizen of the State of Florida currently residing at 5930 Bermuda Lane, Naples, Florida. (Filing No. 1 at CM/ECF p. 2.)

2. Domina Law Group, PC LLO, is a firm of trial lawyers with business offices located in the State of Nebraska at 2425 S. 144th Street, Omaha, Nebraska. (*Id.*)

3. David A. Domina ("Domina") and James F. Cann ("Cann") are lawyers admitted to practice law in the State of Nebraska. (*Id.* at CM/ECF p. 3.)

4. Plaintiff filed his Complaint in this court on July 23, 2008. (*Id.* at CM/ECF p. 1.)

5. In his Complaint, Plaintiff asserts claims for relief based on fraud, civil conspiracy, and fraudulent misrepresentation. Plaintiff seeks declaratory judgment, a permanent injunction, and money damages. (*Id.*)

6. In January, 2002, Plaintiff's marriage to Cheryl Keitges was dissolved by a consent decree entered by the District Court of Douglas County, Nebraska. (Filing No. 53-6, Attach. 5, at CM/ECF p. 9.)

7. On or about July 10, 2005, Plaintiff retained Defendants to represent him in ongoing post-divorce litigation in order to modify the terms of the consent decree (the "Dissolution Matter"), pending in the District Court of Douglas County, Nebraska. (Filing No. 1 at CM/ECF p. 3.)

8. The opposing party in the Dissolution Matter filed an application seeking complete dismissal of the Dissolution Matter (the "Motion to Dismiss"). A hearing was set on the application for September 13, 2005 ("Motion to Dismiss Hearing"). In a certificate of service contained in the application, counsel for the opposing party certified that a true and correct copy of the application was sent to Cann at the Domina Law offices. (Filing No. 54-6, Attach. 5, at CM/ECF pp. 1-2.)

9. No attorney from Domina Law appeared at the Motion to Dismiss Hearing on September 13, 2005. (Filing No. 1 at CM/ECF p. 4.)

10. The District Court of Douglas County, Nebraska issued an order dated September 15, 2005, dismissing the Dissolution Matter. (Filing No. 54-6, Attach. 5, at CM/ECF pp. 3-4.)

11. On September 21, 2005, Plaintiff met with Cann to discuss trial preparations relating to the Dissolution Matter at the Domina Law offices in Omaha, Nebraska. (Filing No. 54-5, Attach. 4, at CM/ECF p. 5; Filing No. 59 at CM/ECF p. 13.)

12. On September 23, 2005, Cann notified Plaintiff in writing that the Motion to Dismiss had been granted. On that date, Cann also notified Plaintiff that Domina Law had filed a Motion to Alter or Amend the Judgment. (Filing No. 1 at CM/ECF pp. 22-23; Filing No. 54-9, Attach. 8, at CM/ECF p. 1.)

13. The September 23, 2005, letter also provided Plaintiff with notice that Defendants did not attend the Motion to Dismiss Hearing on September 13, 2005. (Filing No. 54-9, Attach. 8, at CM/ECF p. 1.)

14. In a letter dated January 24, 2006, Plaintiff notified Defendants that he was terminating them as his attorneys in the Dissolution Matter. In that letter, Plaintiff stated:

> I am now left with the additional time and expense of having to interview several Attorneys and start over. You've billed me nearly twenty thousand dollars for services but you've failed to accomplish even the simplest of tasks. You haven't provided any services that are of any benefit to me or my case. I intend to seek restitution for your failure to appear at the hearing to dismiss my case and subsequent damages. I'm now aware of the statue [sic] of limitations for Attorneys and I intend to file a claim within the allotted timeframe. There's no further need to address the damages and mental anguish you've caused and how you've left me totally exposed and without representation since July, 2005. Bottom line, **YOU'RE FIRED!!!**

(Filing No. 53-6, Attach. 5, at CM/ECF pp. 51-52.)

15. Defendants prepared and mailed to Plaintiff statements for professional services beginning on August 11, 2005, and continuing on a monthly basis through January 10, 2006. Defendants did not send any further statements to Plaintiff until May 2008. (Filing No. 1 at CM/ECF pp. 5-6.)

### III. ANALYSIS

#### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th

4

Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Defendants' Motion for Summary Judgment

Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations applicable to professional negligence claims. (Filing No. 52 at CM/ECF p. 1.) As set forth below, the court agrees and need not reach the parties' other arguments.

#### 1. Applicable Statute of Limitations

Under Nebraska law,[1] the statute of limitations for professional negligence claims is two years.[2] Neb. Rev. Stat. § 25-222. This statute applies to "any professional

---

[1]"Federal district courts sitting in diversity . . . must apply the forum state's substantive law," and Nebraska substantive law therefore applies. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008) (quotation omitted). The parties here do not dispute that Nebraska substantive law applies.

[2]As this court recently noted, "[t]he Nebraska Supreme Court has folded the malpractice statute of limitations (§ 25-208) into the professional negligence statute of

5

misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties." *City of Omaha v. Figg Bridge Eng'rs, Inc.*, No. 8:07CV157, 2008 WL 2165186, *3 (D. Neb. May 20, 2008) (quotation omitted); *see also Egan v. Stoler*, 653 N.W.2d 855, 859-60 (Neb. 2002). Under Nebraska law, a professional is one who engages in an "occupation involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual." *Jorgensen v. State Nat'l Bank & Trust Co.*, 583 N.W.2d 331, 334 (Neb. 1998). Attorneys sued for actions taken while acting as an attorney are "professionals" under this definition. *Stumpf v. Albracht*, 982 F.2d 275, 278 (8th Cir. 1992).

In addition, where a "plaintiff's claims are based on acts or omissions by a professional acting in a professional capacity, then they are subject to the [two-year statute] regardless of whether they are styled as claims for breach of contract, for breach of fiduciary duty, for failure to obtain informed consent, for battery, for fraud, for unjust enrichment, or for misrepresentation." *Figg*, 2008 WL 2165186 at *3. Stated another way, parties cannot convert a legal malpractice claim into a fraud or misrepresentation claim in order to "circumvent the statute of limitations via artful pleading" because then the "statute of limitations would serve no purpose." *Stumpf*, 982 F.2d at 278. As set forth by the Nebraska Supreme Court:

> In a series of cases concerning professional negligence, we have held that a plaintiff cannot separate a cause of action which arises primarily out of the professional's alleged negligence and label it something else in hopes of creating a different theory of recovery for the same act of negligence in order to receive the benefit of a longer statute of limitations than the statute of

limitations (§ 25-222)." *City of Omaha v. Figg Bridge Eng'rs, Inc.*, No. 8:07CV157, 2008 WL 2165186, *3 (D. Neb. May 20, 2008) (quotation omitted).

6

limitations for professional negligence allows. Merely because a cause of action is couched in terms of a cause of action other than negligence does not make it so.

Gravel v. Schmidt, 527 N.W.2d 199, 202 (Neb. 1995).

Here, Plaintiff has styled his claims against Defendants as fraud, civil conspiracy, and fraudulent misrepresentation claims. (Filing No. 1.) However, all of these claims relate to three actions or inactions taken by Defendants. Generally, Plaintiff's claims relate to:

1. Defendants' failure to attend the Motion to Dismiss Hearing on September 13, 2005 and their deception regarding why they failed to attend.

2. Defendants' continued preparation for trial, alone and with Plaintiff, after the Motion to Dismiss had been granted and their deception regarding why they continued to prepare in spite of the dismissal.

3. Defendants' inappropriate billing for services performed deficiently or not performed at all.

(*See generally*, Filing No. 1.) In Plaintiff's own words, his claims all relate to Defendants' failure "to perform legal services to the best of their ability in an honest, professional, and just manner as the Plaintiff's attorneys of record." (*Id.* at CM/ECF p. 10.)

There is no question that, as attorneys, Defendants were "professionals" under Nebraska law with regard to all of the activities complained of by Plaintiff. Further, all of the above wrongful acts and omissions by Defendants relate to "professional misconduct" or an "unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties" as Plaintiff's attorneys. *Figg,* 2008 WL 2165186 at *3. While Plaintiff has "artfully pled" his claims as claims for fraud, conspiracy, and fraudulent misrepresentation, his claims all "arise[] primarily out of [Defendants'] alleged negligence." *Gravel,* 527 N.W.2d at 202. In short, regardless of the label, Plaintiff's professional negligence claim is one

cause of action which is subject to the two-year statute of limitations set forth in Neb. Rev. Stat. § 25-222.

### 2. Accrual of Plaintiff's Professional Negligence Claim

Plaintiff had two years in which to file his professional negligence claim. Thus, the court must determine when the two-year statute of limitations began to run. Under Nebraska law, the statute of limitations for a professional negligence claim "begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit." *Egan,* 653 N.W.2d at 860. Stated another way, a professional negligence claim "accrues when the alleged act or omission in rendering or failure to render professional services takes place." *Reinke Mfg. Co., Inc. v. Hayes*, 590 N.W.2d 380, 389 (Neb. 1999). As set forth in *Reinke*:

> A limitation period may begin to run even though the nature and extent of the damages are not known. . . . It is not necessary that a plaintiff have knowledge of the exact nature or source of the problem, but only that a problem exists. . . . We have explained that in the context of statutes of limitations, "discovery" refers to the fact that one knows of the existence of an injury or damage, regardless of whether there is awareness of a legal right to seek redress in court.

*Id.* at 390 (quotations and citations omitted). While § 25-222 sets forth a "discovery exception," that exception "applies only in those cases in which the plaintiff did not discover and could not reasonably have discovered the existence of the cause of action within the applicable statute of limitations." *Egan,* 653 N.W.2d at 860 ("In compliance with the plain meaning of the statute, we have determined that the 2-year statute of limitations is applicable notwithstanding the fact that the plaintiff may not discover the cause of action until shortly before the expiration of the time period.").

As set forth above, the basis for all of Plaintiff's claims here is Defendants' failure to appear at the Motion to Dismiss Hearing on September 13, 2005, Defendants' continued preparation for a trial after the dismissal, and Defendants' inappropriate billing for these activities. (*See generally,* Filing No. 1.) Plaintiff was specifically informed of these actions and inactions in Cann's September 23, 2005 letter. Thus, the court finds that the statute of limitations began to run on September 23, 2005, when Defendants informed Plaintiff in writing of the actions about which Plaintiff now complains.[3] (Filing No. 53-6, Attach. 5, at CM/ECF pp. 46-47.) Although on that date Plaintiff may not have known "the nature and extent of the damages," he certainly knew that "a problem exist[ed]." *Reinke,* 590 N.W.2d at 390.

Alternatively, even if the statute of limitations did not begin to run on September 23, 2005, it began to run on January 24, 2006. On that date, Plaintiff sent a letter to Defendants acknowledging that Cann was "inept" in failing to attend the Motion to Dismiss Hearing, complaining that Defendants spent, and caused him to spend, several days after the dismissal preparing for trial, and complaining that Defendants billed him "inappropriately" for these activities. Plaintiff stated:

> I am now left with the additional time and expense of having to interview several Attorneys and start over. You've billed me nearly twenty thousand dollars for services but you've failed to accomplish even the simplest of tasks. You haven't provided any services that are of any benefit to me or my case. I intend to seek restitution for your failure to appear at the hearing to dismiss my case and subsequent damages. I'm now aware of the statue [sic] of limitations for Attorneys and I intend to file a claim within the allotted

---

[3] Although the September 23, 2005 letter does not reference any of Defendants' billings, Plaintiff certainly knew on that date that the billing was "inappropriate" given that his billing complaints depend on Defendants' failure to attend the Motion to Dismiss Hearing and the continued preparation for trial after the dismissal. (Filing No. 1.)

9

> timeframe. There's no further need to address the damages and mental anguish you've caused and how you've left me totally exposed and without representation since July, 2005. Bottom line, **YOU'RE FIRED!!!**

(Filing No. 53-6, Attach. 5, at CM/ECF pp. 51-52.) The January 24, 2006, letter shows that Plaintiff not only knew that a problem existed as of that date, but that he planned to take action and knew about the applicable statute of limitations. Plaintiff filed his Complaint in this matter on July 23, 2008, more than two years after the statute of limitations accrued under either calculation. Further, Plaintiff knew of his claims within the statute of limitations and the discovery exception does not apply. Plaintiff's claims are barred by the applicable statute of limitations and summary judgment is therefore granted in favor of Defendants on all claims.

### C. Other Pending Motions

Pending before the court are Plaintiff's Motion to Compel (Filing No. 34), Plaintiff's Motion and Amended Motion for Sanctions (Filing Nos. 42 and 47), and Plaintiff's Motion for Extension of Time to File Answer (Filing No. 64). All of these Motions relate to discovery of certain documents by Plaintiff. It now appears from the record before the court that Plaintiff is in possession of all of the documents sought. (Filing No. 55.) Regardless, even if Defendants had not fully complied with discovery, none of the issues raised by Plaintiff in his Motions relate to the statute of limitations issue. Because the court finds that Plaintiff's claims are barred by the relevant statute of limitations, any additional discovery would be futile. In light of this, these discovery-related Motions and related Objections are denied. In addition, Plaintiff's Objection relating to the Final Pretrial Order (Filing No. 63) is denied as moot because the Final Pretrial Conference was cancelled and this matter is now dismissed.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Filing No. 51) is granted;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. All other pending Motions and Objections are denied.

DATED this 1st day of June, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge