## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAMES M. KEITGES,** | ) | **CASE NO. 8:08CV319** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DOMINA LAW GROUP, PC LLO, et al,** | ) | |
| **DAVID A. DOMINA, Individually and** | ) | |
| **In His Official Capacity as an Officer** | ) | |
| **of the Court, and JAMES F. CANN,** | ) | |
| **Individually and In His Official** | ) | |
| **Capacity as an Officer of the Court,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Plaintiff's Rule 59 Motions for New Trial (Filing Nos. 111 and 120), Rule 60(b) Motions (Filing Nos. 114 and 117), and Motion for Recusal (Filing No. 123).

### *I. BACKGROUND*

On June 1, 2009, the court determined that Plaintiff's claims were barred by the applicable statute of limitations and entered judgment in favor of Defendants. (Filing Nos. 78 and 79.) Thereafter, Plaintiff filed several Motions, including two Rule 60(b) Motions. (Filing Nos. 80, 87, 90 and 104.) In general, these Motions asked the court to reconsider its June 1, 2009 Memorandum and Order and Judgment. (*Id*.) Plaintiff also filed a Motion for Recusal. (Filing No. 82.) In this Motion, Plaintiff asked the undersigned judge to recuse herself because the June 1, 2009, Memorandum and Order and Judgment were wrongly decided. (*Id*.) On September 4, 2009, the court reviewed and denied these Motions. (Filing No. 110.)

Unsatisfied with this outcome, Plaintiff has now filed two Motions for New Trial (Filing Nos. 111 and 120), a third and fourth Rule 60(b) Motion (Filing Nos. 114 and 117), and a second Motion for Recusal (Filing No. 123). The court will explore these Motions in turn.

## II. PLAINTIFF'S PENDING MOTIONS

### A.  Motions for New Trial

Federal Rule of Civil Procedure 59(b) provides that a motion for new trial must be filed no later than 10 days after the entry of judgment. Fed. R. Civ. P. 59(b) and (e). As discussed above, the court entered Judgment in this matter on June 1, 2009. (Filing Nos. 78 and 79.) However, Plaintiff filed his Motions for New Trial on September 21, 2009 (Filing No. 11), and September 23, 2009 (Filing No. 120). Plaintiff's first Motion was filed 111 days after the court's Judgment in this matter and 17 days after the court's September 4, 2009, Memorandum and Order denying Plaintiffs post-judgment Motions. Accordingly, Plaintiff's Motions for New Trial are untimely.

### B.  Rule 60(b) Motions

In his third and fourth Rule 60(b) Motions, Plaintiff argues that  he is entitled to relief from the court's Judgment because Defendant David A. Domina was represented by counsel in this matter after initially appearing pro se and because the court removed certain "court only" notations on the court's docket after entering final judgment. (Filing Nos. 114 and 117.) Liberally construed, these Motions are brought pursuant to Fed. R. Civ. Pro. 60(b)(6), the Rule's catch-all provision.[1]

---

[1]Plaintiff states that he brings his third Rule 60(b) Motion "pursuant to Fed. R. Civ. P. 60(b) (1), (3), (4), (5) and (6)" and his fourth Rule 60(b) Motion "pursuant to Rule

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Plaintiff's Rule 60(b) Motions. An attorney who is named as a defendant in a civil lawsuit is not prohibited from appearing pro se and later retaining counsel. Further, it is unclear how the removal of "court only" notations on the court's docket sheet denied Plaintiff a fair opportunity to litigate his claims. Even under the most liberal construction, these arguments do not amount to "exceptional circumstances" sufficient to prevent Plaintiff from fully litigating his claims or receiving adequate redress. Accordingly, Plaintiff's Rule 60 (b) Motions are denied.

**C.    Motion for Recusal**

Last, Plaintiff has filed a second Motion for Recusal. (Filing Nos. 123 and 126.) In his Brief in Support of this Motion, Plaintiff argues that the undersigned Judge "demonstrated gross partiality and prejudice against Plaintiff within her Memorandum/Order in this matter . . . ." (Filing No. 126 at CM/ECF p. 1.)

---

60(b)(1), (3), (4) and (6)." (Filing Nos. 114 and 117.) However, Plaintiff does not frame or distinguish his claims by these subsections. (Filing Nos. 115 and 118.)

3

As the court stated in its September 4, 2009 Memorandum and Order, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (citing *Liteky* and finding recusal not warranted where the plaintiff complained of bias only because of adverse rulings). If Plaintiff disagrees with the court's rulings, he should file an appeal, but recusal is not warranted under these circumstances.

IT IS THEREFORE ORDERED that: Plaintiff's pending motions are denied in their entirety.

DATED this 14th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4