# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1338
_____

| | |
|---|---|
| James M. Keitges, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Nebraska. |
| Domina Law Group, PC LLO; David A. | * |
| Domina, Individually and In His | *   [UNPUBLISHED] |
| Official Capacity as an Officer of the | * |
| Court; James F. Cann, Individually and | * |
| In His Official Capacity as an Officer | * |
| of the Court, | * |
| | * |
| Appellees. | * |

_____

Submitted: July 21, 2010
Filed: July 26, 2010
_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

PER CURIAM.

     James Keitges appeals from the order of the District Court[1] granting summary judgment to the Defendants and from that court's denial of two rounds of postjudgment motions. We affirm.

_____

     [1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

The District Court entered final judgment in this case on June 1, 2009, but Keitges did not file his notice of appeal until February 11, 2010.  Although Keitges's postjudgment motions filed on June 11, 2009, tolled the time to appeal the June 1 judgment, he failed to file his notice of appeal within thirty days of the District Court's September 4, 2009, order denying his tolling postjudgment motions.  See Fed. R. App. P. 4(a)(1)(A), (4)(A) (stating in relevant part that a notice of appeal must be filed within thirty days after the entry of judgment; the time to appeal runs from the final disposition of a timely-filed motion under Rule 59(e) of the Federal Rules of Civil Procedure or a Rule 60(b) motion that is filed within ten days after entry of judgment).[2]  His second round of postjudgment motions did not have a tolling effect because they were not filed until September 2009.  See Noah v. Bond Cold Storage, 408 F.3d 1043, 1044 (8th Cir. 2005) (per curiam) (holding that because a second postjudgment motion was not filed within ten days of the original judgment, it did not toll the time to appeal that judgment).

We lack jurisdiction to review anything but the January 14, 2010, order denying the second round of postjudgment motions.  See Dill v. Gen. Am. Life Ins. Co., 525 F.3d 612, 619–20 (8th Cir. 2008) (noting that a timely notice of appeal is mandatory and jurisdictional).  As to that order, we conclude that the District Court did not abuse its discretion in denying relief under Rule 60(b) of the Federal Rules of Civil Procedure.  Keitges raised matters—that one of the Defendants had acted pro se and through counsel, that the Defendants were granted an extension of time to answer, and that Keitges's response to the extension motion was deleted—which could have been raised in a timely-filed appeal from the final judgment.  See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) ("[A] Rule 60(b) motion must be made within thirty days of the judgment if the alleged error could have been corrected by appeal of that

---

[2]As of December 1, 2009, Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure and Rule 59(e) of the Federal Rules of Civil Procedure were amended to extend the time to file tolling motions under Rules 59(e) and 60 from ten days to twenty-eight days, but these changes have no effect on this appeal.

judgment."). In any event, none of these matters constituted exceptional circumstances. See Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (noting that Rule 60(b) relief is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress"). We also conclude that the court did not abuse its discretion in denying Keitges's motion to recuse. See Neal v. Wilson, 112 F.3d 351, 357 & n.6 (8th Cir. 1997) (reviewing the denial of a recusal motion for abuse of discretion and disapproving of the decision to wait until after the district court issued an unfavorable ruling to move for recusal).[3]

Accordingly, we affirm. We deny Keitges's motion to strike the Appellees' brief.

_____

---

[3] We do not review that portion of the January 14, 2010, order denying as untimely Keitges's motion filed under Rule 59(e) of the Federal Rules of Civil Procedure. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir.) (holding that the appellate court lacked jurisdiction to review the denial of an untimely Rule 59(e) motion), cert. denied, 534 U.S. 975 (2001).